**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

CIVIL ACTION NO. 20-135-DLB

MORGAN REMMELE                                                                                    PLAINTIFF

v.                          **MEMORANDUM OPINION AND ORDER**

ROBERT MILLER, et al.                                                                          DEFENDANTS

*** *** *** ***

Plaintiff Morgan Remmele is a resident of Catlettsburg, Kentucky. Proceeding without an attorney, Remmele has filed a civil complaint pursuant to 42 U.S.C. § 1983 against Department of Community Based Services ("DCBS") worker Danna Hinkle, Guardian Ad Litem Robert Miller, Lawrence County Family Court Judge Janie Wells, Sheridan Frazier, and Attorney Don Bailey. (Doc. # 1).

Remmele has not paid the filing fee, but has filed a motion for leave to proceed in forma pauperis. (Doc. # 3). The information contained in Remmele's fee motion indicates that she lacks sufficient assets or income to pay the $350.00 filing fee; thus, her motion will be granted. Because Remmele is granted pauper status in this proceeding, the $50.00 administrative fee is waived. District Court Miscellaneous Fee Schedule § 14.

The Court must conduct a preliminary review of Remmele's complaint because she has been granted pauper status. 28 U.S.C. § 1915(e)(2). A complaint must set forth sufficient allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

1

relief from a defendant who is immune from such relief.  *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).   When testing the sufficiency of Remmele's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor.  *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Remmele's complaint seeks relief in this Court pursuant to 42 U.S.C. § 1983 based on actions taken by Defendants during the course of proceedings in the Lawrence County Family Court.  (Doc. #1)  To establish a right to relief under 42 U.S.C. § 1983, the plaintiff must plead and prove two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States and (2) that the alleged violation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Miller v. Sanilac Cty.*, 606 F.3d 240, 247 (6th Cir. 2010).  Remmele has failed to adequately plead either element.

Although Remmele's complaint and attached affidavit make fleeting reference to her due process rights and her rights under the First, Fourth, Fifth, Sixth, Seventh, Ninth, and Thirteenth Amendments to the United States Constitution, she fails to allege any facts supporting claims for relief under these constitutional amendments, nor does she otherwise provide any explanation of how her constitutional rights have been violated.  While the Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, it has no authority to create arguments or claims that the plaintiff has not made.  *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation.").  Vague allegations that one or more of the defendants acted wrongfully

2

or violated the plaintiff's constitutional rights are not sufficient.  *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. Apr. 25, 2008).

Moreover, to the extent that she seeks to bring § 1983 claims against Sheridan Frazier, Robert Miller, and/or Don Bailey, Remmele does not allege that any of these individuals are officials acting under color of state law.  (In fact, she makes no factual allegations against Bailey at all).  Rather, these Defendants all appear to be private citizens, and civil rights claims under § 1983 may not be asserted against private citizens because they do not act "under color of law," meaning on behalf of the government. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  *See also Krukemyer v. Forcum*, 475 F. App'x 563, 566 (6th Cir. 2012) ("[T]here is no constitutional right to be free from harm inflicted by private actors. A due process claim lies only against a governmental defendant.").

In addition, to the extent that she seeks to sue Lawrence Family Court Judge Wells, the only factual basis for this claim is that Judge Wells had court over the phone and that the judge "allow[ed] these people to violate [plaintiff's] rights."  (Doc. # 1 at 3).  However, judges have long been entitled to absolute judicial immunity from tort claims arising out of their performance of functions integral to the judicial process, *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967), and "judicial immunity is not overcome by allegations of bad faith or malice . . . ."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

However, the Court concludes that the complaint should be dismissed **without** prejudice because the claims asserted within it are entwined with recent domestic relations proceedings in the state court.[1]  While most trial-level state courts are vested

---

[1]    *See Sheridan Frazier v. Morgan Remmele*, No. 20-CI-00186 (Lawrence Cir. Ct. 2020), docket available at https://kcoj.kycourts.net/CourtNet/Search (last visited Nov. 20, 2020).

3

with general jurisdiction, "federal courts are courts of limited jurisdiction," and "the burden of establishing" a jurisdictional basis "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As the plaintiff, that burden falls upon Remmele. *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 794 (6th Cir. 2015). The Court has an ongoing "duty to consider [its] subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.").

Here, Remmele's complaint clearly raises challenges related to ongoing Lawrence County Family Court domestic relations proceedings. For example, Remmele claims that Hinkle failed to get her a drug screen that was acceptable to the Court, failed to comply with Court supervision orders, and failed to get a case plan. (Doc. # 1 at 2). She also accuses Hinkle of "stealing my child without any due process of the law." (*Id.* at 3). She also claims that Robert Miller (who, based on her allegations, appears to have been appointed as guardian ad litem for her son) does not keep in contact with her. (*Id.*). She also alleges that Sheridan Frazier kidnapped her son. (*Id.*). As relief, Plaintiff states that she wants her child restored to her and to "sue all people/organizations involved herein and actions be taken to fix a system that is corrupt, illegal, and I'd like to see the people involved herein to step down in their line of work so these things don't happen to the next mother." (*Id*. at 8).

However, "[f]ederal courts have no jurisdiction to resolve [such] domestic relations disputes[.]" *Partridge v. Ohio*, 79 F. App'x 844, 845 (6th Cir. 2003). Although Remmele

4

invokes § 1983, the Court "lack[s] jurisdiction where . . . the suit is actually concerned with domestic relations issues." *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003). Although the domestic-relations exception does not apply to "every case touching and concerning the issuance of a divorce, the award of alimony, or a child-custody decree," the Sixth Circuit has "clarified that the domestic-relations exception deprives federal courts of diversity jurisdiction if the plaintiff seeks to modify or interpret the terms of an existing divorce, alimony, or child-custody decree." *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 795 (6th Cir. 2015). Remmele's complaint plainly seeks relief from proceedings in the Lawrence Family Court, apparently related to issues involving child custody and visitation. Because modification or enforcement of a child-custody decree are remedies that are "typically attendant to the dissolution of a marriage," this action appears to "entail continuing judicial supervision of a volatile family situation, and federal courts are poorly equipped to handle that task." *Id.* at 797.

In contrast, Kentucky has important state interests in applying its own laws to child support and custody determinations. Moreover, Remmele is free to raise her claims in the ongoing state proceedings. The Court will therefore dismiss this matter, without prejudice, so that the plaintiff may pursue these matters in the proper forum.

Accordingly, it is **ORDERED** as follows:

(1)     Plaintiff's motion to proceed *in forma pauperis* (Doc. # 3) is **GRANTED** and payment of the filing and administrative fees is **WAIVED**;

(2)     Plaintiff's Complaint (Doc. # 1) is **DISMISSED WITHOUT PREJUDICE**;

(3)     This action is **STRICKEN** from the Court's docket;

(4)     A Judgment will be entered contemporaneously herewith.

This 23rd day of November, 2020.



Signed By:
David L. Bunning
United States District Judge

J:\DATA\ORDERS\PSO Orders\0-20-135 Screening Memorandum.docx